UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SHARON A. SCHMITZ and ) | |
| FRANCES A. FIELDS, ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | Cause No.: 2:13-cv-214-RL-PRC |
| ) | |
| FOUR D TRUCKING, INC., *et al.*, ) | |
|     Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Strike Defendants' Affirmative Defenses [DE 23], filed on August 30, 2013. Defendants Four D Trucking, Inc., (Four D) and Charles J. Kill filed their Answer on August 9, 2013, alleging numerous affirmative defenses. On August 19, 2013, Defendant Halquist Stone Company, Inc., (Halquist) filed its answer, also alleging numerous affirmative defenses.

Federal Rule of Civil Procedure 12(f) provides that courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see also Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.,* 554 F.3d 1133, 1141 (7th Cir. 2009) (citing Rule 12(f) and affirming the striking of portions of a counterclaim). The Seventh Circuit Court of Appeals has held that motions to strike are generally disfavored—nevertheless, a motion to strike may "serve to expedite, not delay," when it seeks to strike portions of a pleading to "remove unnecessary clutter from the case." *Heller Fin. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Affirmative defenses are stricken "only when they are insufficient on the face of the pleadings." *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (citing *Heller*, 883 F.2d at 1294) ("Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact.").

"Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure" and "must set forth a 'short and plain statement' of the defense." *Heller*, 883 F.2d at 1294 (quoting Fed. R. Civ. P. 8(a)).[1] In *Heller*, the court found several defenses meritless because they were "nothing but bare bones conclusory allegations," noting that the defendant "omitted any short and plain statement of facts and failed totally to allege the necessary elements of the alleged claims." *Id.* at 1295.

### I. Four D and Charles J. Kill

Plaintiffs seeks to strike all six of the affirmative defenses filed by Four D and Mr. Kill. The Court considers each in turn.

#### A. Affirmative Defense 1

The first affirmative defense states that "Plaintiff's [sic] Complaint fails to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6)." Although "failure to state a claim" is a defense under Federal Rule of Civil Procedure 12(b), it isn't an *affirmative* defense because it does not assume that allegations of the Complaint are true and then explain why, for some other reason, the defendant is not liable. Affirmative defenses, moreover, must be adequately pled to give the plaintiff notice of the defense. *Heller*, 883 F.2d at 1294. Defendant has not provided any allegations as to *how* Plaintiffs failed to state a claim. Such a "bare bones legal assertion" fails the standard of Rule 8(b) and *Heller*. *Id.* The Court accordingly strikes Four D and Mr. Kill's first affirmative defense.

#### B. Affirmative Defense 2

The second affirmative defense states that "the occurrence described in Plaintiffs' Complaint,

---

[1] Notably, the Court in *Heller* does not include the requirement in 8(a)(2) of "showing that the pleader is entitled to relief." *See Heller Fin. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *see* Fed. R. Civ. P. 8(a)(2).

Plaintiffs' claimed injuries and Plaintiffs' claimed damages were proximately caused by the fault of Codefendant Halquist Stone Company, Inc." This, too, fails to plead any facts supporting this claim. *Id.* Moreover, this claim is not an affirmative defense but a mere statement that someone else is at fault. The Court accordingly strikes Four D and Mr. Kill's second affirmative defense.

### C. Affirmative Defenses 3 and 4

The third affirmative defense states that

> these Defendants, Four D Trucking, Inc. And Charles J. Kill, reserve the right to introduce into evidence the proof of collateral source payments received by or on behalf of Plaintiffs, pursuant to Ind. Code § 34-44-1-1, *et seq.*, in the event it is subsequently determined that such payments were made and are an appropriate matter for consideration by the Jury.

Similarly, the fourth affirmative defense states that

> some or all of Plaintiffs Sharon A. Schmitz and Frances A. Fields' medical expenses may have been reduced by adjustments, write-offs, or set-offs, and this evidence should be introduced and considered at any trial of this case under *Stanley v. Walker*, 906 N.E.2d 852 (Ind. 2009).

Plaintiffs object that evidence of collateral payments is inappropriate because it cannot legally change the damage award. They point to Indiana Code § 34-44-1-2, which allows into evidence some types of collateral source payments and bars others, such as insurance payments or state compensation. Plaintiffs argue that there is no dispute about any of the medical bills or payments in this case, and there is no reason to keep the door open for collateral source evidence. This is premature. As Four D and Mr. Kill rightly point out, this case has not even begun discovery. Who knows? Maybe there will be a dispute about medical bills and payments. The Court accordingly denies Plaintiffs' motion to strike Four D and Mr. Kill's third and fourth affirmative defenses.

*D. Affirmative Defense 5*

The fifth affirmative defense states that

> as to any rhetorical paragraphs of the Complaint not specifically admitted, controverted, or denied, in the preceding Answer of these Defendants, Four D Trucking, Inc., and Charles J. Kill, same are now and hereby denied by these Defendants.

Plaintiffs rightly point out that this fails the pleading standards of Rule 8, since it does not include a short and plain statement of facts. *Heller*, 883 F.2d at 1294. Denials, moreover, must "fairly respond to the substance of the allegation." Fed. R. Civ. P 8. The Court accordingly strikes Four D and Mr. Kill's fifth affirmative defense.

*E. Affirmative Defense 6*

The sixth affirmative defense reserves the right to plead additional affirmative defenses that become known through discovery. The assertion of the right to put forward additional defenses is an improper reservation under the Federal Rules of Civil Procedure. *See FDIC v. Mahajan*, 923, F. Supp 2d 1133, 1141 (N.D. Ill. 2013). The way to plead additional affirmative defenses is to file a motion under Federal Rule of Civil Procedure 15. *Id.* The Court hence strikes Four D and Mr. Kill's sixth affirmative defense.

**II. Halquist**

Plaintiffs also seek to strike a number of Halquist's Affirmative Defenses. The Court considers each in turn.

*A. Affirmative Defense 2*

Halquist's second affirmative defense provides that it denies anything not specifically admitted or denied in its first defense. As explained above, this fails the pleading standards of Rule

4

8 because it does not include a short and plain statement of the facts. *Heller*, 883 F.2d at 1294. The Court accordingly strikes Halquist's second affirmative defense.

### B. Affirmative Defense 5

Plaintiffs seek to strike Halquist's fifth affirmative defense because it is essentially a repetition of its fourth affirmative defense. Though very similar, Halquist is correct that assumption of risk (affirmative defense four) and incurred risk (affirmative defense five) are slightly different under Indiana law. *Pfenning v. Lineman*, 947 N.E.2d 392, 400 (Ind. 2011). The Court thus denies Plaintiffs' Motion to Strike Halquist's fifth affirmative defense.

### C. Affirmative Defense 9

Halquist's ninth affirmative defense states that "there was no duty owed by this defendant to the plaintiffs at the time and place alleged in the plaintiffs' Complaint." This fails the requirement of Rule 8 that pleadings include a short and plain statement of facts. *Heller*, 883 F.2d at 1294. Moreover, proving that a defendant owed a duty to the plaintiff is part of the *plaintiff's* case, not the defendant's. *See Bauer v. J.B. Hunt Transp., Inc.*, 150 F.3d 759, 763 (7th Cir. 1998). The Court accordingly strikes Halquist's ninth affirmative defense.

### D. Affirmative Defense 10

Halquist's tenth affirmative defense simply states that "plaintiffs' claims are barred by the Sudden Emergency Doctrine." This also fails the Rule 8 requirement that pleadings include a short and plain statement of the facts. *Heller*, 883 F.2d at 1294. The Court accordingly strikes Halquist's tenth affirmative defense.

### E. Affirmative Defense 11

Halquist's eleventh affirmative defenses states that this "cause of action should be dismissed

pursuant to Rules 12(B)(2), 12(B)(3), 12(B)(4), 12(B)(5), 12(B)(7) and 17 of the Federal Rules of Civil Procedure." This again fails the short plain statement requirement of Rule 8. *Heller*, 883 F.2d at 1294. The Court accordingly strikes Halquist's eleventh affirmative defense.

*F. Affirmative Defense 12*

Halquist's twelfth affirmative defense states that it reserves the right to add additional affirmative defenses after discovery is over. As explained above, this is an improper reservation under the Federal Rules of Civil Procedure. *See Mahajan*, 923, F. Supp 2d at 1141. The way to plead additional affirmative defenses is to file a motion under Federal Rule of Civil Procedure 15. The Court hence strikes Halquist's twelfth affirmative defense.

### III. Conclusion

For the reasons laid out above, the Court **GRANTS in part and DENIES in part** Plaintiffs' Motion to Strike Defendants' Affirmative Defenses [DE 23], filed on August 30, 2013. The Court **STRIKES** Four D and Mr. Kill's First, Second, Fifth, and Sixth Affirmative Defenses and Halquist's Second, Ninth, Tenth, Eleventh, and Twelfth Affirmative Defenses.

SO ORDERED this 28th day of January, 2014.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT

cc:    All counsel of record