# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| SHARON A. SCHMITZ and<br>FRANCES A. FIELDS,<br>    Plaintiffs,<br><br>    v.<br><br>FOUR D TRUCKING, INC., *et al.*,<br>    Defendants. | Cause No.: 2:13-CV-214-RL-PRC |

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion to Compel [DE 62], filed on March 3, 2015. No response has been filed, and the time to do so has passed. This is a personal injury case arising from an alleged accident involving a passenger car and a semi trailer. This case is now in the discovery phase. Plaintiffs sent a notice of deposition to Defendant Halquist Stone Company, Inc. (Halquist) on January 20, 2015, pursuant to Federal Rule of Civil Procedure 30(b)(6). The notice requested that Halquist designate an appropriate person to testify on its behalf regarding a variety of subjects relating to this case. Plaintiffs represent that they contacted Halquist's attorneys on at least three occasions, starting on January 26, 2015, in an attempt to determine when the deposition could proceed. So far, however, they haven't received any response.

Plaintiffs now ask that the Court order Halquist to designate the name of a person (or persons) competent to testify on its behalf and to provide a date for the deposition. The request is well taken. Federal Rule of Civil Procedure 37 allows a party to file a motion to compel if a corporation or other entity fails to make a designation under Rule 30(b)(6). *See* Fed. R. Civ. P. 37(a)(3)(B). There is nothing before the Court suggesting that Halquist has made such a designation, nor has it responded to this motion.

As a result, the Court **GRANTS** the Motion to Compel [DE 62] and **ORDERS** Halquist to

designate an appropriate person to testify on its behalf and to provide a date on which the deposition can take place. Halquist must do so by **April 24, 2015**.

Rule 37 also provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). This issue has not been briefed. Any objection to the award of attorney fees incurred by Plaintiffs in the litigation of this motion must be filed by April 24, 2015. Any response by Plaintiffs must be filed by May 11, 2015. If a response is filed, a reply may be filed no later than May 21, 2015.

SO ORDERED this 17th day of April, 2015.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT