# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| SHARON A. SCHMITZ and<br>FRANCES A. FIELDS,<br>　　　Plaintiffs, | )<br>)<br>)<br>) | |
| v. | ) | Cause No.: 2:13-CV-214-RL-PRC |
| FOUR D TRUCKING, INC., *et al.*,<br>　　　Defendants. | )<br>)<br>) | |

## OPINION AND ORDER

This matter is before the Court on an Objection [DE 29] filed by Defendant Halquist Stone Company, Inc. on April 24, 2015. Plaintiffs filed a response on May 8, 2015. Defendant Halquist has not filed a reply, and the time to do so has passed.

This matter originates in a Motion to Compel filed by Plaintiffs on March 3, 2015. The motion explained that Plaintiffs sent a notice of deposition to Defendant Halquist on January 20, 2015, and then attempted to contact defense counsel on at least three occasions, but without any response. Defendant Halquist did not respond to the motion, and, on April 17, 2015, this Court granted it, ordering Defendant Halquist to designate an appropriate person to testify on its behalf at a deposition.

Federal Rule of Civil Procedure 37 provides that if a Motion to Compel is granted "the court must, after giving opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The Rule provides three exceptions: (i) if the motion was filed before the movant attempted in good faith to get the discovery without court action; (ii) if "the opposing party's non-disclosure, response, or objection was substantially justified"; or (iii) if "other circumstances make an award of expenses

unjust." *Id.* Since the matter was not discussed in the original motion, the Court ordered additional briefing.

Defendant Halquist's sole contention, unsupported by any authority aside from the Rule's text, is that it would be unjust to award fees because its failures did not prejudice Plaintiffs and because it did not willfully withhold information. It contends that miscommunication within the office of defense counsel resulted in information regarding the depostion not being forwarded to Plaintiff's attorneys or, later, being communicated to this Court.

Plaintiffs aren't buying it. They contend that the failures to respond to the notice as well as subsequent emails were deliberate. This is a troubling accusation, and Defendant Halquist's attorneys do nothing to refute it. But regardless of whether it is true (or not), attorney fees are warranted. The vague assertion that an internal miscommunication is to blame is insufficient to render the award of fees unjust. And, contrary to its contentions regarding prejudice, its conduct (whether intentional or not) has hampered Plaintiffs' ability to prosecute their case even if it has probably not affected the ultimate outcome.

Accordingly, the Court **ORDERS** Defendant Halquist to pay the reasonable attorney fees and costs incurred by Plaintiffs in filing the Motion to Compel, including the costs incurred in responding to Defendant Halquist's objections. *See L.H.H. ex rel. Hernandez v. Horton*, No. 2:13-CV-452-PRC, 2015 WL 1057466, at *3–*5 (N.D. Ind. Mar. 10, 2015) ("[T]he briefing on the attorney fee issue is part of the work done in 'making the motion.'" (quoting Fed. R. Civ. P. 37(a)(5)(A) and citing *Rickels v. City of S. Bend, Ind.*, 33 F.3d 785, 787 (7th Cir. 1994))). The Court **ORDERS** Plaintiffs to file an affidavit of fees no later than **June 23, 2015**. Defendant Halquist may file a response (as to the amount of fees only) no later than **June 30, 2015**. If a response is filed,

Plaintiffs may file a reply no later than **July 7, 2015**.

SO ORDERED this 16th day of June, 2015.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT