UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| SHARON A. SCHMITZ and | ) | |
| FRANCES A. FIELDS, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cause No.: 2:13-CV-214-RL-PRC |
| | ) | |
| FOUR D TRUCKING, INC., *et al.*, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on an Affidavit of Attorney Fees [DE 75], filed by Plaintiffs on June 23, 2015. Defendant Halquist Stone Company, Inc. filed a response on June 30, 2015, and Plaintiffs filed a reply on July 7, 2015.

This matter originates in a Motion to Compel filed by Plaintiffs on March 3, 2015. The motion explained that Plaintiffs sent a notice of deposition to Defendant Halquist on January 20, 2015, and then attempted to contact defense counsel on at least three occasions, but without any response. Defendant Halquist did not respond to the motion, and, on April 17, 2015, this Court granted it, ordering Defendant Halquist to designate an appropriate person to testify on its behalf at a deposition.

After subsequent briefing, the Court awarded Plaintiffs reasonable attorney fees incurred in bringing the Motion to Compel. The Court directed Plaintiffs to file an affidavit of fees, which they have now done, representing that their attorney worked a total of three hours on the motion and that his billing rate is $250 per hour. This adds up to $750 in attorney fees.

Halquist objects to the time spent by Plaintiffs' attorney reviewing the Court's Opinion and Order regarding the petition for fees and preparing the affidavit. It points out that the Court awarded Plaintiffs fees incurred in bringing the Motion to Compel and in responding to Defendant's

objections to an award of attorney fees. It argues that this does not extend to the recovery of costs and fees incurred in bringing the affidavit of fees.

As explained in detail in the undersigned's Opinion and Order in *L.H.H. ex rel. Hernandez v. Horton*, one plausible reading of Federal Rule of Civil Procedure 37(a)(5)'s phrase "expenses incurred in making the motion [to compel]" would exclude work done on subsequent rounds of briefing. No. 2:13-CV-452-PRC, 2015 WL 1057466, at *4 (N.D. Ind. Mar. 10, 2015). This reading has been rejected by the Seventh Circuit Court of Appeals, however, which has held that Rule 37(a)(5)'s fee-shifting provision applies equally to work done before and work done after a court's ruling on a motion to compel since doing otherwise would undermine the purpose of fee shifting, namely, "that the victor should be . . . as well off as if the opponent had respected his legal rights in the first place." *Rickels v. City of S. Bend, Ind.*, 33 F.3d 785, 787 (7th Cir. 1994); *see also Tamari v. Bache & Co. (Lebanon) S.A.L.*, 729 F.2d 469, 474 (7th Cir. 1984) (noting, in dicta, that "Rule 37(a) sanctions 'should encompass all expenses, whenever incurred, that would not have been sustained had the opponent conducted itself properly.'" (quoting *Aerwey Labs., Inc. v. Arco Polymers, Inc.*, 90 F.R.D. 563, 565–66 (N.D. Ill. 1981)).

As the undersigned explained in *L.H.H.*, this is not inconsistent with the text.

> There is some inherent ambiguity in the phrase "making the motion" as used in Rule 37(a) since neither the phrase itself, nor the Rule generally, says much about what tasks are part of making a motion and which, though ancillary and related, are not. Here, context and usage suggest that the language refers to more than just the work done in putting together and filing the actual motion. Reading it otherwise would exclude, not only fee petitions, but also a moving party's reply brief, which, after all, would be written after the motion was made. This result borders on absurdity. Thus, the question is not *whether* actions beyond the drafting and filing of the motion qualify as part of "making the motion," but rather *which* actions do.

*L.H.H.*, 2015 WL 1057466, at *5 (N.D. Ind. Mar. 10, 2015) (internal citations omitted).

The text of Rule 37(a)(5) contrasts with other provisions of Rule 37 that award the prevailing party all fees "caused by" the losing party's conduct. *See* Fed. R. Civ. P. 37(b), (c), (d), and (f). It's a bit of a linguistic stretch to say that "caused by" means the exact same thing as "incurred in making the motion," but this conclusion appears mandated by the reasoning of *Rickels* and *Tamari*. *See also Catapult Commc'ns Corp. v. Foster*, No. 06 C 6112, 2009 WL 2707040, at *2 (N.D. Ill. Aug. 25, 2009) ("[A]ttorneys' fees incurred in bringing fee petitions are recoverable under Rule 37." (citing *In re Stauffer Seeds, Inc.*, 817 F.2d 47, 50 (8th Cir. 1987)); *but see Michigan Millers Mut. Ins. Co. v. Westport Ins. Corp.*, No. 1:14-CV-151-PLM, 2014 WL 5810309, at *5 n. 5 (W.D. Mich. Nov. 7, 2014) (ruling that attorney fees were not proper for work done on an affidavit of fees filed after the underlying Rule 37 motion had been ruled on). Plaintiffs are therefore entitled to attorney fees for the work their lawyer did in preparing the Affidavit of Fees currently before the Court.

Halquist also thinks that Plaintiffs' attorney spent forty-eight minutes too many in preparing the affidavit and in researching the "substantially justified" exception to the mandatory award of fees under Rule 37(a). The half hour Plaintiffs' attorney spent preparing the affidavit and one hour she spent researching the Rule 37(a) are not excessive. The Court thus **AWARDS** Plaintiffs $750 in attorney fees stemming from the Motion to Compel.

SO ORDERED 13th day of July, 2015.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT